# IN THE COURT OF APPEALS OF IOWA

No. 24-0514
Filed May 21, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**BRYANT MATTHEW WALLACE,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Kevin McKeever, Judge.

A defendant appeals his convictions and sentence. **CONVICTIONS AND SENTENCES AFFIRMED IN PART AND VACATED IN PART, AND REMANDED FOR ENTRY OF CORRECTED JUDGMENT AND SENTENCE.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered without oral argument by Badding, P.J., Langholz, J., and Telleen, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**TELLEEN, Senior Judge.**

In November 2022, Bryant Wallace, Noah Jefferson, and a few other friends drove their minivan down Hickory Hollow Road in rural Johnson County. The family of Wallace's ex-girlfriend lived on Hickory Hollow, and the relationship had ended poorly. Now, the friends were out to "send a message." As they approached the property, Wallace, who was driving, told Jefferson to "put at least four" into a camper near the side of the road. Jefferson leaned out the window and fired a handgun. Three shots pierced the camper, where C.M.—the father of Wallace's ex-girlfriend—was relaxing after a day of work.

The State charged Wallace with intimidation with a dangerous weapon with intent, in violation of Iowa Code section 708.6(1) (2022) (Count I); possession of a firearm by a felon, in violation of Iowa Code section 724.26(1) (Count II); and conspiracy to commit intimidation with a dangerous weapon with intent, in violation in violation of Iowa Code section 706.1 (Count III). A jury found Wallace guilty on all three counts. He was sentenced to an indeterminate term of imprisonment not to exceed fifteen years—consisting of concurrent ten-year sentences on Counts I and III, and a consecutive five-year sentence on Count II. The district court also applied a five-year mandatory minimum pursuant to Iowa Code section 902.7.

In this appeal, Wallace challenges the sufficiency of the evidence supporting his intimidation conviction under Count I. He also claims the district court erred by imposing an uncharged sentencing enhancement and by failing to merge his convictions under Counts I and III. Finding substantial evidence supports the jury's verdict, we affirm Wallace's conviction on Count I. With respect to the sentencing claims, we reject Wallace's challenge to the mandatory

minimum, vacate his conviction under Count III, and remand this case for entry of a corrected judgment and sentence.

## I. Sufficiency of the Evidence

"This court reviews sufficiency of evidence claims for the correction of errors at law." *State v. Mong*, 988 N.W.2d 305, 312 (Iowa 2023) (citation omitted). The jury's verdict must stand if it is supported by substantial evidence. *Id.* "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted). The court must "view the evidence in the light most favorable to the State," granting all "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (citation omitted).

We begin with the district court's unchallenged marshalling instruction, which is "the law of the case for purposes of reviewing the sufficiency of the evidence." *State v. Schwartz*, 7 N.W.3d 756, 764 (Iowa 2024) (citation omitted). To convict Wallace for intimidation with a dangerous weapon with intent—which the State sought to prove under an aiding-and-abetting theory—the jury had to find the following elements beyond a reasonable doubt:

1. On or about the 2nd day of November, 2022, Noah Jefferson discharged a dangerous weapon, to wit, a loaded firearm at or into a camper on Hickory Hollow Road that was occupied by [C.M.].
2. The firearm was a dangerous weapon, as explained in [another instruction].
3. [C.M.] actually experienced fear of serious injury, and his fear was reasonable under the existing circumstances.
4. The Defendant aided and abetted Noah Jefferson with the specific intent that Jefferson's actions of shooting at or into the camper would cause fear or anger in another, and/or Noah Jefferson had the specific intent to cause fear or anger in another when he shot at and/or into the camper.

     5.     Noah Jefferson was aided and abetted by the Defendant as explained in [another instruction].

Wallace challenges the sufficiency of the evidence supporting the fourth element of his intimidation charge. He contends the trial testimony was "circumspect, at best" when it came to showing he was aware C.M. was inside the camper, and so a rational juror could not find Wallace had the requisite intent for an offense under section 708.6(1).

"To convict a defendant on the theory of aiding and abetting when intent is an element of a crime charged, the evidence must show that the defendant participated 'with either the requisite intent, or with knowledge the principal possesses the required intent.'" *State v. Cook*, 996 N.W.2d 703, 709 (Iowa 2023) (citation omitted); *accord State v. Lewis*, 514 N.W.2d 63, 66 (Iowa 1994). Intent is rarely "susceptible to proof by direct evidence" and must often be inferred from surrounding circumstances. *Cook*, 996 N.W.2d at 709; *see also State v. Crawford*, 974 N.W.2d 510, 517 (Iowa 2022) (noting direct and circumstantial evidence are equally probative for purposes of proving aiding and abetting).

The circumstances in this case support such an inference. Valentino Sabic, one of Wallace's passengers, testified that Wallace and Jefferson talked about C.M. and his daughter as the group approached their destination on Hickory Hollow Road. Wallace had visited the property before, and he knew C.M. lived in the camper. According to Sabic, Wallace said he "[knew] that they're in there." And importantly, C.M. testified that his truck was parked just outside the camper on the evening of the shooting. From these facts, a rational juror could find that Wallace had a specific intent to place C.M. in fear of injury when he directed

Jefferson to "put at least four" bullets in the camper.[1]  *See, e.g.*, *Lewis*, 514 N.W.2d at 66–67 (finding the totality of the circumstances supported the defendant's specific intent in aiding and abetting a drive-by shooting).

Wallace points out that Jefferson denied any discussion about the camper's occupants and testified he could not see anyone inside when firing the gun from the passing van.  Wallace also challenges the credibility of Sabic, who admitted he was "extremely drunk" on the evening of the shooting and whose testimony was sometimes in conflict with Jefferson's.  However, these arguments go to the weight of the evidence, not its sufficiency.  On review for legal error, we are not at liberty to second-guess the jury's decision to credit Sabic's testimony over Jefferson's. *See State v. West Vangen*, 975 N.W.2d 344, 350 (Iowa 2022) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive." (citation omitted)).

Substantial evidence supports the jury's finding of specific intent, and Wallace does not challenge the sufficiency of the evidence with respect to any other element of Count I.  We therefore affirm his conviction for intimidation with a dangerous weapon with intent.

## II.  Sentencing Issues

Wallace raises two claims of sentencing error, neither of which remains in genuine dispute.  First, he argues "it was illegal for the District Court to impose the five-year mandatory minimum" under Iowa Code section 902.7 because the State

---

[1] Because the jury could find that Wallace had a specific intent for Jefferson's actions to cause fear to C.M., we need not consider Jefferson's intent.  *See Cook*, 996 N.W.2d at 709 (describing the alternative avenues for proving specific intent under an aiding and abetting theory).

made no reference to the statutory enhancement for use of a dangerous weapon in its original or amended trial information. However, during the pendency of this appeal, our supreme court held that neither Iowa Rule of Criminal Procedure 2.6(6) nor the federal Due Process Clause require the State to cite "the particular portion of the Iowa Code" that might subject a defendant to a sentencing enhancement. *State v. Chawech*, 15 N.W.3d 78, 88 (Iowa 2024). Notice is sufficient so long as the State charges "the predicate fact . . . that may subject the defendant to greater punishment." *Id.* Here, the State met that standard by charging Wallace with "Intimidation *with a Dangerous Weapon* with Intent" in each of its charging documents. (Emphasis added). Wallace concedes in his reply that his challenge to the sentencing enhancement is foreclosed by *Chawech*, and we agree.

Wallace next asserts that the district court erred by failing to merge his convictions for intimidation with a dangerous weapon with intent and conspiracy to commit the same. On this point, the State confesses error. Although conspiracy is distinct from an underlying offense, "a person may not be convicted and sentenced for both the conspiracy and for the public offense." Iowa Code § 706.4. Where a defendant is found guilty of both conspiracy and the substantive offense, "the defendant should be sentenced solely on the substantive offense." *State v. Waterbury*, 307 N.W.2d 45, 52 (Iowa 1981). Here, the district court was required to merge Wallace's convictions under Counts I and III. We therefore vacate his conviction and sentence for conspiracy and remand for entry of a corrected judgment and sentence. Because Wallace's sentence for conspiracy is severable,

we do so "without disturbing the balance of the sentence."[2] *State v. Maghee*, 573 N.W.2d 1, 7 (Iowa 1997).

**CONVICTIONS AND SENTENCES AFFIRMED IN PART AND VACATED IN PART, AND REMANDED FOR ENTRY OF CORRECTED JUDGMENT AND SENTENCE.**

---

[2] We note this is not a case in which the district court failed "to exercise its discretion" or failed "to articulate its reasons" when imposing a sentence of imprisonment—situations that would generally require a "plenary resentencing." *State v. Duffield*, 16 N.W.3d 298, 303–04 (Iowa 2025). Under section 706.4, the district court had no discretion to sentence Wallace for conspiracy. In cases involving similar merger error, we have typically limited the scope of remand to entry of a corrected judgment and sentence. *See State v. Haines*, No. 21-1879, 2023 WL 4759450, at *7 (Iowa Ct. App. July 26, 2023); *State v. Huff*, No. 13-1477, 2014 WL 4629985, at *2 & n.1 (Iowa Ct. App. Sept. 17, 2014); *State v. Thinh Van Quang*, No. 12-0739, 2013 WL 4504934, at *8 (Iowa Ct. App. Aug. 21, 2013).